476 P.2d 1021

**The STATE of Utah, Plaintiff and Respondent,**

v.

**William COLEMAN, Defendant and Appellant.**

**No. 11722.**

Supreme Court of Utah.

Nov. 23, 1970.

Gerald G. Gundry, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for respondent.

ELLETT, Justice:

The defendant in this matter quit school when he was in the ninth grade. He began dating the complaining witness when she was in the eighth grade. At the time of trial he was 24 years of age and she was 19. The testimony of the two parties as to the nature of their relationship is somewhat at variance. The jury could not fail to know that it was rather intimate until she became mature enough to see that she should cease associating with him because she wanted to " * * * keep on going to school and do something for myself, and he never did want to do anything besides play around really, you know, he had no job. And he wouldn't work, * * * so with me being around him that would hold me back."

For reasons best known to himself he was unwilling to permit her to cease going out with him. She testified that he told her on a number of occasions that "if he couldn't have me he wasn't going to let anybody else have me either." She also testified that "he told me I'd better stay home, * * * because he didn't want to see me going out with anybody and, if I did come out that he would kill me * * *."

About one week later the complaining witness one evening went to a school where a group of young people was gathered. The defendant approached her, cornered her, and did or said something to cause her to run up some steps to a door leading into the school building. The door was locked and as she was running back down the steps the defendant knocked her down and while she was rolling down the steps he fired from three to six shots at her from a .22 caliber pistol. Two of the bullets penetrated her body, one in the head, the other in her hip.

He fled from the scene and was thereafter arrested and tried for the crime of assault with intent to murder.[1] The jury found him guilty of the included offense of assault with a deadly weapon with intent to do bodily harm.[2] The punishment for the former is five years to life, and for the latter not exceeding five years in the state prison.

The evidence amply supports the verdict of the jury and the defendant as appellant here does not contend to the contrary. He makes but one assignment of error and that is confined to instruction number 5 given by the court, which reads:

You are instructed that you are not to be governed by the opinion of any of the witnesses nor by the opinion of the defendant nor the complaining witness, whether written or oral, as to what happened on the evening of September 19, 1968, but that you are to determine the happenings or occurrences of that eve-

1. Sec. 76-30-14, U.C.A.1953.

2. Sec. 76-7-6, U.C.A.1953.

ning solely by all of the facts and circumstances which have been introduced in evidence before you.

This instruction was given by the court because of a letter written by the complaining witness to the defendant while he was in jail awaiting trial. In that letter she had said "I know, at least I think it was an accident when I got hurt, * * *."

In testifying at trial she said she only wrote the letter because he was pestering her with phone calls and letters trying to get her to say it was only an accident.

Several witnesses saw the entire affair and testified to the occurrences as set out above, as did the complaining witness. After the letter got before the jury the trial judge gave the instruction as a means of directing the jury to find what the facts were from the evidence before it.

The appellant claims that the instruction told the jury to disbelieve the expert witnesses called by him, to wit: a gunsmith, the medical doctor who treated the complaining witness, and an expert on the effect of alcohol on the human body. None of these witnesses testified as what happened on the night in question and so the claim of error is not well founded.

The judgment of the trial court is affirmed.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.